```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
```

ARNOLD AGUILAR,                       :
     Petitioner,                      :
                                      :       Crim. No. 5:91-CR-2
v.                                    :       Civ. No. 3:97-CV-818
                                      :
UNITED STATES OF AMERICA,             :
     Respondent.                      :

<u>RULING ON MOTION FOR RELIEF FROM JUDGMENT AND REQUEST TO REOPEN
                              CASE</u>

Petitioner Arthur Aguilar ("Aguilar") moves pursuant to Fed. R. Civ. P. 60(b) for the court to set aside its earlier ruling (doc. # 6) denying his petition for a writ of habeas corpus. Because Aguilar's request is untimely and he has not provided any basis for such relief, his motion (doc. # 64) does not meet the requirement of "extraordinary circumstances" and it is therefore DENIED.

<u>PROCEDURAL HISTORY</u>

Aguilar was convicted of conspiracy to kidnap. He was sentenced to 405 months in prison to run concurrently with his sentence in <u>United States v. Aguilar</u>, B-90-57 (WWE). Thereafter, Aguilar filed a petition under 28 U.S.C. § 2255. On June 7, 1999, the court rejected his arguments and denied his § 2255 petition. Aguilar now urges this court to reconsider the denial of his § 2255 petition on the grounds that the court did not compel the United States Attorney to respond to his petition, or in the alternative, did not deny the motion in a timely fashion, pursuant to the Rules Governing Section 2255 Proceedings, Rule

4(b).  None of these grounds satisfy the requirements for relief under Rule 60(b).

## DISCUSSION

Under Rule 60(b), the court may relieve a petitioner of a final judgment if any of the conditions enumerated in subsections (1) through (6) are satisfied.  Aguilar does not identify the subsection on which he relies, but the catchall provision of subsection (6) is the most plausible.  That provision allows the court to reconsider a final judgment for "any other reason justifying relief from the operation of judgment."  See Fed. R. Civ. P. 60(b)(6).  According to the Second Circuit, only when truly "extraordinary circumstances" are present shall a district court entertain a Rule 60(b) motion.  Aguilar's procedural allegation does not rise to this level. See Pichardo v. Ashcroft, 374 F.3d 46, 56 (2d Cir. 2004) (finding extraordinary circumstances existed where changes in the law could protect the petitioner from deportation if his habeas petition was reconsidered).

In addition, a 60(b)(6) motion must be made "within a reasonable time" after the judgment was entered.  To determine whether a motion brought pursuant to Rule 60(b)(6) is timely, a court must examine the particulars of each case and "balance the interest in finality with the reasons for delay." Kotlicky v. United States Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987).

The court denied Aguilar's motion on June 7, 1999, over seven years ago. Aguilar has failed to put forth any reason for the seven-year delay in filing this 60(b) motion.

In sum, Aguilar has not produced any evidence or arguments that would justify the reopening of his case.

## CONCLUSION

For the foregoing reasons, Aguilar's motion for relief from judgment and request to reopen case (doc. # 64) is DENIED.

SO ORDERED this 1st day of September, 2006, at Bridgeport, Connecticut.

```
                              _____
                              Alan H. Nevas
                              United States District Judge
```